ON REHEARING
PER CURIAM.
After our original judgment was rendered, two of the defendants, Adam Vi-drine, Jr., and Oscar Sylvester, Jr., filed a “Motion to Correct and Supplement Record.” Shortly thereafter, the same defendants and James Warren Sylvester filed a motion for rehearing. The issues raised by those pleadings are before us now.
In the motion to correct and supplement the record, the movers allege that the record which was lodged in this court failed to include a document which was introduced into evidence and marked Exhibit “PR-2.” They pray that the record be corrected to include this exhibit, or that a rule be issued directing plaintiffs to show cause why the record should not be corrected or supplemented to include it.
The exhibit which was omitted from the record is the return of a Deputy Sheriff of Evangeline Parish, showing that a copy of the original petition filed in this suit, and a copy of the order which was issued and filed at the same time, were served on Adam Vidrine, Jr., on October 16, 1969. A copy of that return is attached to the Motion to Correct the Record, and according to that copy the return reads:
“Received the foregoing petition and order, and served a copy of same, personally on Adam Vidrine, Jr.
“I also appointed Adam Vidrine, Jr., as Custodian of all of the property described in detail in Cash Sale & Assumption, duly recorded as original act number 269,613, records of the Clerk of Court’s office, Evangeline Parish, Louisiana.
“This service was made on October 16, 1969, and I further instructed Adam Vi-drine, Jr., that he was appointed Custodian by the Sheriff’s office, and he was in no way to use said equipment until further orders of the Thirteenth Judicial District Court.
*372 “Ville Platte, Louisiana, this 16th day of October, 1969.”
Defendants contend that this return, considered with the other evidence appearing in the record, constituted an illegal and invalid seizure of defendants’ property. We do not agree.
The order which was issued on October 15, 1969, appointed the Sheriff as receiver of the effects of Sylvester House Moving, Inc., and temporarily restrained defendants from disposing of any of said property, “or in any wise interfering therewith.” That order did not authorize or constitute a seizure of the property. The sheriff’s return, which recites that Adam Vidrine, Jr., was appointed as custodian and was instructed “in no way to use said equipment until further orders of the Thirteenth Judicial District Court,” also did not constitute a seizure of the property. The court order did not direct that the property be seized, and the deputy had no authority to prevent Vidrine from using the equipment. Defendants thus are not entitled to recover damages from plaintiffs because of an alleged illegal seizure, despite the return which movers seek to have incorporated in the record.
Since the filing of the return, identified as Exhibit “PR-2,” will not alter the decision which we have reached, no useful purpose would be served by remanding the case for correction of the record or by holding our decision in abeyance until a supplemental record is filed. The motion to correct the record thus is denied.
We have considered all of the allegations contained in the motion for rehearing and all of the arguments which were presented in support of that motion. We believe our original judgment is correct, however, and for that reason the motion for rehearing is denied.
Motion to correct record and motion for rehearing denied.